**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WALTER LEE WALTON,                                                    PETITIONER
ADC #098357

v.                                    5:14CV00205-BSM-JJV

RAY HOBBS, Director,                                                  RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

Petitioner, Walter Lee Walton, is an inmate at the Arkansas Department of Correction (ADC) Varner Unit where he is serving life without parole after being convicted of first degree murder.  (Doc. No. 2.)  On June 23, 2011, a Sebastian County jury found him guilty of the murder of Jeremy Travis. (*Id.*)

After waiving his right to counsel, Mr. Walton represented himself at trial. After his conviction, Mr. Walton, then represented by Patrick Benca, Esq., appealed to the Arkansas Supreme Court contending that he did not knowingly and intelligently waive his right to counsel. *Walton v. State*, 2012 Ark. 336 (2012).  The Arkansas Supreme Court affirmed the conviction and sentence finding no reversible error and holding: "On this record, we are

satisfied that appellant made his decision with open eyes, choosing to forego the right to counsel with full awareness of the dangers and pitfalls associated with self-representation."

*Id.*

In its September 20, 2012 opinion, the state's highest court found that the testimony at Mr. Walton's trial established the following facts:

> At trial, the testimony revealed that [Walton] confronted Travis about having an affair with [Walton]'s paramour. During the encounter, [Walton] struck Travis in the head with a metal weight bar, chased him down a street, and inflicted two fatal stab wounds. [Walton's] trial strategy was that he committed manslaughter, not murder, contending that he acted under the influence of extreme emotional disturbance for which there was a reasonable excuse.

*Id.* at 6.

The final mandate in Mr. Walton's direct appeal was issued on October 10, 2012. (Doc. No. 2 at 87.)  Mr. Walton timely filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure on November 30, 2012.  (*Id.* at 92-101.)  In his Rule 37 petition, Mr. Walton alleged ineffective assistance of counsel on direct-appeal, prosecutorial misconduct, and jury misconduct.  (Doc. No. 2.)  Along with his Rule 37 petition, Mr. Walton filed two motions.  The first motion requested permission to file an expanded Rule 37 petition - arguing it was impossible for him to adequately address his issues in a ten-page petition.  (*Id.* at 105.)  The second motion was for an evidentiary hearing. (*Id.* at 107.)  The State responded.  (*Id.* at 110-112.)

On January 11, 2013, the circuit court entered an order denying Mr. Walton relief. (*Id.* at 133.)  On February 5, 2013, Mr. Walton filed a renewed motion for expanded/ supplemented Rule 37 petition and, on April 3, 2013, the circuit court entered an order

3

denying that renewed motion.  (*Id.*)  Mr. Walton failed to file a notice of appeal of either of

the orders.

On May 2, 2013, Mr. Walton filed a motion for a belated appeal with the Clerk of the

Arkansas Supreme Court.  (Doc. No. 2 at 137.)  On June 6, 2013, the court denied his motion

holding:

> [Walton]'s claims that standby counsel was relaying information to the
> prosecution and that the prosecution was aware in advance of defendant's trial
> strategy because of a recording device in defendant's jail cell were not
> cognizable in a postconviction relief proceeding, and
>
> [Walton] failed to establish that the jury was influenced unfairly by "outside
> information" and that they were aware of defendant's prior felony charges
> during the guilt-phase of the trial.

*Walton v. State*, 2013 Ark. 254 (2013).

Mr.  Walton  now seeks relief through the instant federal Petition for Writ of Habeas

Corpus (Doc. No. 2) filed on May 28, 2014.  In his 177-page petition, he alleges eight

grounds: (1)ineffective assistance of counsel on direct appeal; (2) denial of full and fair

proceedings in state court; (3) his *Faretta* waiver was involuntary; (4)the trial court erred in

admitting prejudicial evidence under Rule 404(b) of the Arkansas Rules of Evidence; (5) the

trial court erred pursuant to Rule 703 of the Arkansas Rules of Evidence when it sustained

the State's objection to Mr. Walton's questioning of witnesses and whether they believed he

had the intent to kill Jeremy Travis; (6) the trial court erred when it did not order a police

officer to retrieve additional messages from Mr. Walton's phone per his request; (7) the

prosecution made an improper comment when Mr. Walton decided not to testify on his own

behalf; and (8) the trial court erred in denying Mr. Walton's motion for a continuance to

secure the appearance of two out-of-state witnesses. (Doc. No. 2.) The Respondent has

responded (Doc. No. 11), and this case is now ripe for review.

After careful review of the Petition and Response, this Court concludes the Petition

should be DISMISSED for the following reasons.

## II.     ANALYSIS

### A.     Claims 1 and 3

Respondent argues the first and third claims in Mr. Walton's Petition were properly

raised and addressed on their merits in state court by the Arkansas Supreme Court.   (Doc.

No. 11.) The Court agrees.

In the interests of finality and federalism, federal habeas courts, under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a

"limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d

538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).   Under the

AEDPA, federal review of underlying state court decisions are limited because federal courts

may only grant habeas relief if the claim was adjudicated on the merits in the state court

proceeding and the state court's decision:

(1)     resulted in a decision that was contrary to, or involved an unreasonable
        application of, clearly established Federal law, as determined by the
        Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination
        of the   facts in light of the evidence presented in the state court
        proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state

court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).  A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).  Such is not the case here.

As the Respondent notes, the "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013).  No relief may be granted for Mr. Walton's first and third claims because they have properly been presented and adjudicated in state court. In reviewing a state court conviction, this Court must presume any factual finds made by the state court to be correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).  Mr. Walton provides no evidence to rebut this presumption.

Mr. Walton's claim that his appellate counsel was ineffective was presented to  the Arkansas Supreme Court. The state's highest court correctly applied the standard set forth in the United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668

(1984), and concluded that Mr.  Walton failed to show that his counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by the alleged errors of counsel. The state court's findings were supported by the record.

>  *Strickland*  establishes a two-element test for ineffective assistance of counsel:

>  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Under the two-prong *Strickland* test, the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland,* 466 U.S. at 686.  As the Arkansas Supreme Court properly found, Mr. Walton's allegations did not merit postconviction relief. *Walton*, 2013 Ark. 254 at 2.

Mr. Walton's claim in the instant Petition that he involuntarily waived counsel was addressed by the state's highest court in *Walton*, 2012 Ark. 336. The Arkansas Supreme Court  correctly applied the standard set forth in the United States Supreme Court decision in *Faretta v. California*, 422 U.S. 806 (1975), and concluded that Mr. Walton's request to waive his right to an attorney and represent himself was made after the trial court fully explained and made Mr. Walton very aware of the pitfalls and dangers of Mr. Walton's

desire to represent himself.

Under *Faretta*, a criminal defendant enjoys a Sixth Amendment right to waive counsel

and conduct his own defense, if he voluntarily and intelligently decides to do so. *Faretta*, 422

U.S. at 807.  As the Arkansas Supreme Court correctly held:

> Here, the circuit court pointedly advised [Walton] of the drawbacks of self-representation. The court informed [Walton] that he would be held to the same standards as an attorney and would be required to follow court rules and protocol. The circuit court also warned [Walton] that his remarks could be construed as testimony that would subject him to cross-examination. The court discussed with [Walton] the consequences of failing to preserve issues for review, a concept with which appellant was already familiar. The circuit court also warned [Walton] about the difficulties associated with preparing for trial while in custody. When [Walton] experienced problems in that regard, the court implored [Walton] to reconsider his decision, to no avail. Further, the record shows that the circuit court appointed a public defender after ascertaining that [Walton] did not have the means to hire an attorney. The record also establishes that [Walton] had experience in the criminal justice system, given his prior convictions, and [Walton] informed the court that he had successfully represented himself in federal court. Moreover, the record shows that [Walton] was cognizant of the range of punishment, inasmuch as he challenged the constitutionality of the enhancement provisions of section 5-4-509(d)(1)(A). On this record, we are satisfied that [Walton] made his decision with open eyes, choosing to forego the right to counsel with full awareness of the dangers and pitfalls associated with self-representation.

*Walton*, 2012 Ark. 336 at 9-10.

After careful review of the Petition and Response, this Court concludes that the state's

highest court's findings did not entail an unreasonable application of federal law on any

point.  In reviewing an ineffective assistance claim under the "unreasonable application"

clause of § 2254(d)(1), the Arkansas Supreme Court reasonably applied federal law to the

facts of Mr. Walton's case, and properly adjudicated claims 1 and 3 in his instant Petition.

**B.    Claims 6 and 7**

Respondent argues the sixth and seventh claims in Mr. Walton's Petition are procedurally defaulted.  (Doc. No.  11 at 38-39.)  The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Here, Mr. Walton never raised his claims - that the circuit court erred in refusing to order the State to produce text messages from Mr. Walton's cell phone and that the prosecutor made an improper comment on his decision not to testify in his own defense, in violation of *Griffin v. California*, 380 U.S. 609 (1965) - until he filed the instant Petition. He never sought review for those two claims on appeal, and as such, no state court has been afforded an opportunity to consider them. Because Mr. Walton failed to do so,  claims 6 and 7 are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the

petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Neither is applicable here. Mr. Walton fails to show any cause or prejudice to excuse his undisputed procedural default.

Further, the Court has considered whether Mr. Walton has cause for his procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Although questions arise whether the United States Supreme Court's holding in *Martinez*, could generally lead to a showing of "cause" for procedural defaulted claims, the Court concludes it would not apply in this case. Assuming *Martinez* applies, this Court would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Walton had no counsel in the post-conviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Walton had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Given the facts in this case and the claims raised, under *Martinez* and *Trevino,* the Court concludes that, under the first prong of this analysis, none of Mr. Walton's defaulted claims rise to the level of "substantial." Thus, these claims are procedurally barred and should be dismissed.

### C.     Claims 2, 4, 5 and 8

Mr. Walton's remaining claims raise no federal issue, and therefore are not cognizable through this habeas Petition.  See *Estelle v. McGuire* 502 U.S. 62 (1991).  All issues presented in Claims 2, 4, 5 and 8, recited *infra*, are state law claims and, as such, are not properly before this Court.  Having reviewed the record and the applicable law, the Court concludes that all of Mr. Walton's claims have either been properly adjudicated by the Arkansas Supreme Court, were never properly presented to the state court for consideration, or are meritless, alleging only errors of state law. Accordingly, Mr. Walton's Petition for Writ of Habeas Corpus should be DENIED.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability:  "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is procedurally defaulted and without merit.  Therefore, no certificate of appealability should be issued.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2.      A certificate of appealability should not be issued.

DATED this 3rd day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE